UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN TAYLOR, | ) |
|                Plaintiff, | ) |
| v. | ) Case No. 1:20-cv-02149-TWP-KMB |
| D. ZATECKY, ALSIP, STOMPER, J. C. JACKSON, GRIFFIN, LUNSFORD, HAMMOND, LAMAR Dr., LEVINE Dr., WEXFORD OF INDIANA, LLC., | ) |
|                Defendants. | ) |

**ORDER GRANTING MEDICAL DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment, filed pursuant to Federal Rule of Civil Procedure 56, by Defendants Wexford of Indiana, LLC ("Wexford"), Akilah Lamar, Psy.D. ("Dr. Lamar"), and Scott Levin, D.O. ("Dr. Levine") (collectively "the Medical Defendants") (Dkt. 98). *Pro se* Plaintiff John Taylor ("Mr. Taylor") has sued the Medical Defendants for being deliberately indifferent to his mental health in April 2020.[1] Because there is no evidence that the Medical Defendants were aware of Mr. Taylor's mental health needs, the Motion is **granted**.

        **I.**        **STANDARD OF REVIEW**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving

---

[1] Mr. Taylor also sued the defendants who work for the state as correctional officers listed in the caption, and those defendants have also filed a Motion for Summary Judgment, (Dkt. 105), which will be resolved in a separate order.

party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The curt is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

## II.     FACTUAL BACKGROUND

Because the Medical Defendants moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

2

At all relevant times, Mr. Taylor was an inmate in the Indiana Department of Correction ("IDOC") housed at Pendleton Correctional Facility ("Pendleton"). (Dkt. 100-3 at 3 (8−9).)[2] Wexford was the healthcare provider for IDOC inmates. (Dkt. 1 at 7.) Dr. Lamar was a psychologist employed by Wexford who provided care to inmates at Pendleton. (Dkt. 100-1 at ¶¶ 1−2.) Dr. Levine was a contracted psychiatrist with Indiana Minority Health Coalition, who provided services at Pendleton from April 1, 2017, through April 15, 2020. (Dkt. 100-2 at ¶¶ 1−2.)

When an inmate believes he needs mental health services, the standard procedure requires that he fill out a healthcare request form. (Dkt. 100-1 at ¶ 7; Dkt. 100-2 at ¶ 7.) These forms were not sent directly to Dr. Lamar or Dr. Levine; rather, the forms are triaged by the nursing staff and are then delivered to the appropriate member of the mental health staff to look into. (Dkt. 100-1 at ¶ 7; Dkt. 100-2 at ¶ 7.)

Mr. Taylor suffers from anxiety, depression, and post-traumatic stress disorder (PTSD) that were exacerbated by the COVID-19 pandemic in April 2020. (Dkt. 100-3 at 6, 10 (*see* 20, 37).) He acknowledges that he was never actually diagnosed by a mental health provider as suffering from these illnesses. *Id.* at 9−10 (*see* 30, 33, 36). He submitted healthcare request forms around April 10 or April 11, 2020, and verbally told correctional officers that he wanted to see a mental health professional.[3] *Id.* at 11−12 (*see* 41, 45). On April 16, 2020, Mr. Taylor filed a grievance in which he alleged that his requests to see a mental health provider had been ignored. (Dkt. 110-1 at 7.) By that time, Dr. Levine was no longer employed at Pendleton. (Dkt. 100-2 at ¶ 2.)

Mr. Taylor named Dr. Lamar and Dr. Levine as defendants because he was aware that they were mental health staff at Pendleton. (Dkt. 100-3 at 6 (*see* 21).) Neither doctor was ever aware

---

[2] Each page of the deposition transcript contains four pages of transcript . The Court first cites to the page of the document and then to the page(s) of the deposition transcript in parentheses.

[3] No healthcare request forms regarding Mr. Taylor's mental health needs were located, but Mr. Taylor testified that he submitted forms requesting this care. (Dkt. 100-3 at 8 (*see* 26).)

that Mr. Taylor requested mental health treatment in April 2020. (Dkt. 100-1 at ¶ 5; Dkt. 100-2 at ¶ 5.) Based on their reviews of Mr. Taylor's medical records, he was not one of their patients in April 2020. (Dkt. 100-1 at ¶ 6; Dkt. 100-2 at ¶ 6.) Further, their reviews of his records show that Mr. Taylor has never been diagnosed with a serious or significant mental illness that would have required their involvement in his care. (Dkt. 100-1 at ¶ 8; Dkt. 100-2 at ¶ 9.)

Mr. Taylor named Wexford as a defendant because he believes that Wexford did not take inmates' mental health concerns seriously. (Dkt. 100-3 at 8 (*see* 26−27).) At some point before 2020, Mr. Taylor spoke to a mental health provider named Ms. Lopez and told her about his difficult childhood, anxiety, and depression, but she responded to his concerns by telling him that he was fine. *Id.* at 9 (*see* 32).

### III.  DISCUSSION

Mr. Taylor alleges that the Medical Defendants were deliberately indifferent to his mental health needs, in violation of the Eighth Amendment to the United States Constitution. The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on the states, through the Fourteenth Amendment, "to provide adequate medical care to incarcerated individuals." *Boyce v. Moore*, 314 F.3d 884, 889 (7th Cir. 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).

A. **Individual Defendants**

For the purposes of this Order, the Court assumes that Mr. Taylor's undiagnosed mental health concerns (anxiety, depression, and PTSD) constitute a serious medical need. But Mr. Taylor has designated no evidence to show that Dr. Levine or Dr. Lamar consciously disregarded a serious risk to his mental health. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). "Individual liability under § 1983 … requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). The undisputed evidence shows that Dr. Levine and Dr. Lamar were never involved in Mr. Taylor's mental health treatment or care. That is, they never received healthcare request forms or referrals from anyone at Pendleton to treat Mr. Taylor for psychological issues. Mr. Taylor was not a patient of either provider during April 2020, and he was never diagnosed with a serious mental illness while at Pendleton. Because there is no evidence that Dr. Levine and Dr. Lamar were aware of a mental health issue and ignored it, they are entitled to summary judgment.

B. **Wexford**

Mr. Taylor's Eighth Amendment claim against Wexford may only proceed under *Monell v. Dept. of Social* Services, 436 U.S. 658 (1978). *See Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (noting that private corporations acting under color of state law—including those that contract with the state to provide essential services to incarcerated people—are treated as municipalities for purposes of Section 1983). "The critical question under *Monell* is whether a policy or custom of a municipal entity caused a constitutional deprivation." *Gonzalez v. McHenry Co., Ill.*, 40 F.4th 824, 829 (7th Cir. 2022).

To prevail on a claim against Wexford, Mr. Taylor must first show that he was deprived of a federal right, and then he must show that the deprivation was caused by a Wexford custom or policy or failure to implement a needed policy. *Id*. In other words, "*Monell* liability only attaches

5

if the policy, custom or practice, or decision was the moving force behind the federal rights violation." *Gonzalez*, 40 F.4th at 829 (internal citations omitted). Wexford cannot be liable under the theory of respondeat superior for the actions of its employees. *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021).

Mr. Taylor has submitted no evidence of a Wexford policy or practice of denying adequate mental healthcare. Mr. Taylor provided one example of a time in which he informed a mental health provider of his difficult childhood, depression, and anxiety, and she was dismissive of his concerns. (Dkt. 100-3 at 9 (*see* 32−33).) But Wexford cannot be held liable due to her inadequate response. *Howell*, 987 F.3d at 653. Mr. Taylor also submitted a grievance that stated that no one had responded to his request for mental health care in April 2020. (Dkt. 110-1 at 7.) But this one-time failure, limited to his own experience, is insufficient to show that there was a "true [corporate] policy at issue, not a random event." *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020) (cleaned up); *Daniel v. Cook Co.*, 833 F.3d 728, 734 (7th Cir. 2016) (To prove a *Monell* claim, the plaintiff "must show more than the deficiencies specific to his own experience, of course.").

Because Mr. Taylor has submitted no evidence from which a reasonable jury could infer that Wexford had a policy or practice of failing to treat inmates' mental health needs, Wexford is entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, Wexford of Indiana, LLC's, Dr. Akilah Lamar's and Dr. Scott Levine's, Motion for Summary Judgment, Dkt. [98], is **GRANTED**.

Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 2/27/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

John Taylor, #249221
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, Indiana  47838

Adrienne Nicole Pope
OFFICE OF THE INDIANA ATTORNEY GENERAL
adrienne.pope@atg.in.gov

Gustavo Angel Jimenez
OFFICE OF THE INDIANA ATTORNEY GENERAL
Gustavo.jimenez@atg.in.gov

Douglass R. Bitner
STOLL KEENON OGDEN PLLC
doug.bitner@skofirm.com